IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN PATRICK WILLIAMS,

    Plaintiff,                     No. CIV S-08-0239 MCE EFB P

    vs.

H. WEAVER, et al.,

    Defendants.               ORDER AND FINDINGS
                                    AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

        Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed because plaintiff concedes that he has not exhausted his administrative

1

remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e, was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*. at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*. at § 3084.5. A division head reviews appeals on the first formal level, *see id.* at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*. at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*. at § 3084.1(a).

////

Here, plaintiff concedes he has not exhausted his administrative remedies. In his complaint, plaintiff states that he "filed several administrative grievence [sic] with the appropriate institutional management as well as the office of the litigation coordinator." Compl., ¶ 14. He continues, stating that his "Citizen's Complaint was rejected, disallowing him to exhaust his administrative appeal process." *Id.* It appears as though plaintiff attempted to complete the exhaustion process by filing a citizen's complaint, but, not surprisingly, was unsuccessful. As explained above, § 1997e(a) requires that plaintiff present his claims to each level of administrative review before raising those claims in a § 1983 complaint in federal court. The administrative grievance process does not contemplate the filing of a citizen's complaint by an inmate. *Evans v. Woodford*, 2008 U.S. Dist. LEXIS 91685, at *10 (E.D. Cal. Sept. 11, 2008). Title 15, Section 3391 of the California Code of Regulations provides that a citizen's complaint may only be filed by non-inmates. Cal. Code Regs. tit. 15, § 3391. Plaintiff states that at all times mentioned in his complaint, he was in the custody of the California Department of Corrections and Rehabilitation. Compl., ¶ 3. Thus, plaintiff's filing of a citizen's complaint is of no consequence for purposes of exhaustion. *Evans*, 2008 U.S. Dist. LEXIS 91685, at *9-10.

Since plaintiff concedes he has not exhausted his administrative remedies, dismissal is appropriate. *See Wyatt*, 315 F.3d at 1120. Accordingly, the court will recommend that this action be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to filing suit.[1] *See Ansel v. Super. Ct.*, 2008 U.S. App. LEXIS 26216 (9th Cir. Nov. 25, 2008) (affirming district court's dismissal pursuant to 28 U.S.C. § 1915A where plaintiff conceded that he failed to exhaust administrative remedies before filing his complaint); *Burroughs v. Sacramento County Main Jail*, 2007 U.S. Dist. LEXIS 75214, at *3-4 (E.D. Cal. Oct. 10, 2007) (dismissing complaint pursuant to 28 U.S.C. § 1915A where plaintiff conceded that the administrative grievance process was not completed).

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

Plaintiff is informed that if he decides to file a new action, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed *in forma pauperis*.

Finally, in light of the recommendation herein, plaintiff's July 21, 2008 request for counsel is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's July 21, 2008, request for appointment of counsel is denied as moot.

Further, it is RECOMMENDED this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Plaintiff is informed that if he decides to file a new action, he should not include this case number on the new complaint. In addition, the new complaint should be accompanied by a properly completed, updated application to proceed *in forma pauperis*.

Finally, in light of the recommendation herein, plaintiff's July 21, 2008 request for counsel is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's July 21, 2008, request for appointment of counsel is denied as moot.

Further, it is RECOMMENDED this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 25, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE